UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLTON WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01362-SEB-KMB |
| ) | |
| SHANE NELSON, ) | |
| KRUL, ) | |
| NYADI, ) | |
| SPARKS, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

*Pro se* Plaintiff Carlton Wright, a prisoner currently incarcerated at Pendleton Correctional Facility, has filed a Motion to Compel. [Dkt. 46.] The documents at issue in the Motion to Compel include work orders for a broken toilet in Mr. Wright's cell and an email that Defendant Sgt. Sparks sent to a lieutenant about the broken toilet. As explained below, the motion is **DENIED** as to the work orders and **GRANTED** as to Defendant Sparks' email. The Defendants are **ORDERED** to produce Defendant Sparks' email **within seven days of the issuance of this Order.** The Court previously vacated the dispositive motion deadline pending a resolution of the present motion. [Dkt. 50.] The Court now *sua sponte* **RESETS** the dispositive motion deadline for **June 6, 2025**.

### I. BACKGROUND

Mr. Wright brings this lawsuit alleging unsanitary conditions in his cell at New Castle Correctional Facility during the summer of 2021. [Dkt. 14 at 2.] He claims that a broken toilet flooded his cell and prevented him from practicing Muslim prayer. [*Id.*] Based on these allegations, he is proceeding on conditions of confinement claims under the Eighth Amendment

and religious discrimination claims under the First Amendment and the federal Religious Land Use and Institutionalized Persons Act. [*Id.*]

Mr. Wright has filed a Motion to Compel seeking work orders for his broken toilet and emails related to his broken toilet. [Dkt. 46.] He has presented evidence that such documents exist or did exist at one time. A grievance response dated July 26, 2021, states that "[Mr. Wright] did complain about some water leaking. Lt. Krul immediately put a work order in on it and it was fixed soon after." [Dkt. 46-1 at 5.] Logbook entries from July 2021 also indicate that a work order may have been submitted for Mr. Wright's broken toilet. [*Id.* at 6.] In response to an interrogatory asking whether he had reported Mr. Wright's broken toilet to a superior, Defendant Sgt. Sparks answered, "Yes, I notified Case Managers and emailed the Lieutenant about the Plaintiff's toilet flooding." [*Id.* at 10.]

The Defendants initially did not respond to Mr. Wright's Motion to Compel, and the Court ordered them to file a belated response because it did not have enough information to rule on the motion at that time. [Dkt. 48.] In their belated response, the Defendants stated that they "have provided all material in their possession, custody, or control. The defendants have further checked their records and with the records of the maintenance department to ascertain that the work orders and emails the plaintiff is seeking are nonexistent." [Dkt. 49 at ¶ 11.]

After reviewing Mr. Wright's motion and the Defendants' belated response, the Court found that Mr. Wright had submitted specific evidence that the work orders and email exist or did exist at one time and that the Defendants' claim that the documents were "nonexistent" was inadequate. [Dkt. 51.] For this reason, the Court ordered the Defendants to file a supplemental response "that provides a detailed explanation of [defense counsel's] efforts to obtain the requested documents and the responses he received about those documents from prison officials." [Dkt. 51 at 2.] The

Court specified as follows: "If the documents have been lost or destroyed, defense counsel must describe the circumstances surrounding when and how those documents were lost or destroyed. If the documents were destroyed pursuant to a document retention policy, then the Defendants must include that policy or a description of that policy in the Supplemental Response." [*Id.*]

The Defendants' supplemental response did not fully comply with the Court's Order. Although it provided a detailed explanation of defense counsel's efforts to obtain the work orders, it did not provide a detailed explanation of defense counsel's efforts to obtain Sgt. Sparks' email. [Dkt. 52.] For this reason, the Court ordered the Defendants to file a second supplemental response by April 23, 2025, "that provides a detailed explanation of [defense counsel's] efforts to obtain [Sgt. Sparks'] email and the responses he received about the email from prison officials." [Dkt. 53 at 2.] The Court specified, "If the email has been lost or destroyed, defense counsel must describe the circumstances surrounding when and how the email was lost or destroyed. If the email was destroyed pursuant to an email retention policy, then the Defendants must include that policy or a description of that policy in the second supplemental response." [*Id.*]

The Defendants' deadline to file the second supplemental response has passed, and the Defendants' have not filed anything or sought leave for an extension of that deadline. The Court is displeased by defense counsel's conduct in this case, which has delayed the resolution of what should have been a routine discovery motion. Rather than *sua sponte* extending the Defendants' deadline to file a second supplemental response, given Defendants' delay and the multiple chances already given, the Court will instead rule on the Motion to Compel on the current record.

## II. LEGAL STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen*

*Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility. *Est. of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145, at *1 (S.D. Ind. Oct. 18, 2021) (citing Fed. R. Civ. P. 26(b)(1)). The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper." *Hunt v. Hubler Chevrolet, Inc.*, 2019 WL 1043163, at *2 (S.D. Ind. Mar. 4, 2019).

### III. DISCUSSION

As the "party seeking production of documents," Mr. Wright "bears the burden of establishing the opposing party's control over those documents." *Meridian Laboratories, Inc. v. OncoGenerix USA, Inc.*, 333 F.R.D. 131, 135 (N.D. Ill. September 25, 2019). The Defendants argue that Mr. Wright has not met this burden for two reasons. First, they argue that the documents he is requesting—work orders to fix the broken toilet in his cell, and Sgt. Sparks' email to a lieutenant about the broken toilet—are "nonexistent." [Dkt. 49 at ¶ 11.] Second, they argue that at least some of the documents that Mr. Wright has requested are in the possession, custody, or control of their employer, GEO Group Inc., and that Mr. Wright should seek those documents from GEO Group Inc. directly through a subpoena *duces tecum*. [*Id.* at ¶ 7.]

The Court agrees that Mr. Wright has not shown that the work orders are currently in the Defendants' possession, custody, or control. The Defendants' supplemental response states that defense counsel contacted a New Castle Correctional Facility Executive Assistant to inquire about the work orders. [Dkt. 52 at ¶ 2.] The Executive Assistant asked the facility's maintenance team

4

to search for the work orders and also sent a compliance team to physically search the warehouse where the facility's records are archived. [*Id.* at ¶ 3.] These efforts did not locate the work orders. Defendants' supplemental response states that "[i]t does appear that the documents requested at one time did exist, but there is no indication of when, how, or if the documents were ever lost or destroyed." [*Id.* at ¶ 5 (emphasis removed).] The Court accepts these representations as true for purposes of the present motion and therefore finds that the work orders are not in the Defendants' possession, custody, or control. Accordingly, the Motion to Compel is **DENIED** as to the work orders.

      The Court finds, however, that Mr. Wright has met his burden of showing that Sgt. Sparks' email is in the Defendants' possession, custody, or control and that the email should be produced. Sgt. Sparks acknowledged that he sent this email in a sworn response to an interrogatory, [dkt. 46-1 at 10], so it clearly existed at one time, and there is no evidence that Sgt. Sparks subsequently deleted the email or that the email was deleted pursuant to an email retention policy. After the Defendants missed their deadline to file a response brief opposing the Motion to Compel, the Court provided them with three additional opportunities to establish that this email is not in their possession, custody, or control. [*See* dkts. 48; 51; 53.] They have not done so, and in fact were silent in response to the Court's last opportunity. The Court will not provide the Defendants with a fourth opportunity to respond to Mr. Wright's *pro se* motion and instead finds, based on the current record, that Sgt. Sparks' email is within the Defendants' possession, custody, or control and should be produced.

      Any argument that Sgt. Sparks' email, if it exists, is possessed by GEO Group, Inc., and not the Defendants is unpersuasive because the email was sent by a named Defendant. Email is typically automatically saved in a user's sent email folder. Thus, the Court finds that the email is

5

within Sgt. Sparks' possession, custody, or control and is therefore within the scope of party discovery. Finally, the Court finds that Sgt. Sparks' email is directly relevant to these proceedings and that producing the email would not be overly burdensome or disproportionate to the needs of the case. For these reasons and the other reasons set forth above, Mr. Wright's Motion to Compel is **GRANTED** as to Sgt. Sparks' email.

### IV. CONCLUSION

Mr. Wright's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. The Defendants are **ORDERED** to produce Sgt. Sparks' email about the broken toilet in Mr. Wright's cell **within ten (10) days of the issuance of this Order**. They shall promptly file a Notice of Compliance upon sending the email to Mr. Wright. Failure to comply with this Order may result in sanctions, up to and including default judgment. *See* Fed. R. Civ. P. 37(b)(2)(A).

The Court previously vacated the dispositive motion deadline pending a resolution of the present motion. [Dkt. 50.] The Court *sua sponte* **RESETS** the dispositive motion deadline for **June 6, 2025**.

**SO ORDERED**.

Date: 4/29/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

CARLTON WRIGHT
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064